IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

KEVIN D. AYERS,
             Defendant.

Criminal No. 06-209M (AK)

### DETENTION MEMORANDUM

The Defendant, Kevin Ayers has been charged by criminal complaint with unlawful, knowing, and intentional possession with intent to distribute crack cocaine, a Schedule II narcotic drug, in violation of 21 U.S.C. §§ 841(a)(1). The government requested a detention hearing, which was held on May 16, 2006. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Officer Jeff Labofish with the Metropolitan Police Department Focus Mission Unit of the Third District testified for the government. Officer Labofish testified that on May 10, 2006, he and several other officers went to 2700 block of 14th Street, NW looking for Mr. Ayers because he had an outstanding arrest warrant. Officer Labofish testified

that he saw the Defendant enter a small store located on the corner of 14th and Fairmont Streets, NW. Officer Labofish and the other officers followed the Defendant into the store and attempted to arrest him. The Defendant resisted and attempted to flee, but was placed under arrest after a brief struggle.

Officer Labofish further testified that a set of keys was recovered from the Defendant's pocket. Attached to the keys was an Enterprise Rent-A-Car keychain, which listed a description of the car to which it belonged: Ford Taurus, Beige with Maryland tags. Officers searched the area, and located a car matching the description on the keychain in a nearby parking lot. Officer Labofish testified that the officers looked into the window of the car and saw a large clear plastic bag of white rock-like substance hanging out of the center console next to the passenger seat.

Upon observing the bag, officers notified the Secret Service Crime Scene, who arrived and entered the car using the key on the Enterprise keychain. Officers recovered the bag of white, rock-like substance, which field-tested positive for cocaine, approximately $600.00 in U.S. currency and the Defendant's driver's license from the center console between the front seats. The Defendant's license was sitting on top of the currency. The weight of the cocaine was approximately 75 grams, which according to Officer Labofish, has a street value of approximately $7,000 and indicates use for sale to others rather than personal use. Finally, Officer Labofish also testifed that officers later determined that the car had been rented by the Defendant's girlfriend. Having heard the testimony at the May 16, 2006 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1).

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community or any other person. *See United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

However, when, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e).

Here, the government seeks detention based both on basis of danger to the community and a risk of flight. In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C.

§ 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with possession with intent to distribute 75 grams, or approximately $7000 worth of crack cocaine, a dangerous and destructive narcotic. The second factor, the weight of the evidence, also favors detention. An officer with the Metropolitan Police Department testified that the Defendant possessed the keys to the car where the crack cocaine was found with the Defendant's license sitting on top. Thus, the Defendant had constructive possession of the vehicle and the drugs.

The third factor, the history of the Defendant, also supports pretrial detention. The Defendant has repeatedly violated conditions of probation and supervised release. The Defendant pled guilty in 2000 to possession of marijuana and carrying a pistol without a license. He was sentenced to three years probation, which was revoked in 2002 when he repeatedly tested positive for cocaine use and failed to attend drug counseling. The Defendant was resentenced to a second term of probation on June 27, 2003, which was revoked again for failure to report. The Defendant was on supervised release in this Court when he was found with large amounts of crack cocaine. Finally, in this most recent arrest, Defendant briefly escaped from the Central Cell Block and ran for several blocks before he was apprehended. Defendant's conduct clearly demonstrates that he would have no regard for any conditions imposed by this Court.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant is charged with possession with

intent to distribute a substantial amount of crack cocaine. Drug trafficking tears the very fabric of our community and destroys the lives of D.C. residents every day. The danger to the community is clear.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. The Court also finds by a preponderance of the evidence that the Defendant presents a risk of flight. Therefore, the government's motion for pretrial detention is granted.


Dated: May 19th, 2006                         _____/s/_____
                                              ALAN KAY
                                              UNITED STATES MAGISTRATE JUDGE